IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| MARVIN POSTADAN, | Cr. No. 03-00496 HG-01 |
| Petitioner, | Cv. No. 13-00463 HG-KSC |
| vs. |  |
| UNITED STATES OF AMERICA, |  |
| Respondent. |  |

**ORDER DENYING PETITIONER MARVIN POSTADAN'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 536)**

On September 9, 2013, Petitioner Marvin Postadan filed a Motion to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (ECF No. 536). Petitioner challenges his sentence of 200 months imprisonment.

Petitioner Marvin Postadan's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 536) is **DENIED**, as lacking in merit.

BACKGROUND

On October 8, 2003, a thirteen count Indictment was filed, charging Petitioner Marvin Postadan and fifteen co-

defendants with conspiracy to possess with intent to distribute methamphetamine and related offenses. (ECF No. 1). Petitioner was charged as follows:

**Count 1**: conspiracy to possess with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A);

**Count 2**: possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; and

**Count 13**: conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h). (Id.)

On May 28, 2004, Petitioner Marvin Postadan filed a Motion to Change Venue, a Motion to Suppress his statements, and a Motion to Suppress wiretap evidence. (ECF Nos. 225, 226, 227).

On July 16, 2004, at the hearing on the Motions, Petitioner Marvin Postadan decided not to pursue his Motions and requested he be allowed to withdraw his not guilty plea and to plead anew. (ECF No. 267).

On the same date, Petitioner Marvin Postadan pled guilty on the three counts against him in the Indictment. (Id.)

On September 27, 2004, Petitioner Marvin Postadan filed a Response to the Draft Presentence Report. (ECF No. 311).

2

On September 30, 2004, Petitioner Marvin Postadan withdrew his Objection to Paragraph 60 of the Draft Presentence Report. (ECF No. 314).

On October 15, 2004, the Government filed a Motion to Continue Sentencing. (ECF No. 322).

On October 18, 2004, the Government filed a Sentencing Statement. (ECF No. 324).

Also on October 18, 2004, the Court granted the Government's Motion to Continue Sentencing. (ECF No. 325).

On February 2, 2005, the Government filed a Second Sentencing Statement. (ECF No. 397).

On February 4, 2005, the Government filed a Second Motion to Continue Sentencing. (ECF No. 400).

On February 8, 2005, Petitioner Marvin Postadan filed a Sentencing Statement and Objections to the Presentence Report. (ECF No. 401).

On February 9, 2005, the Court granted the Government's Second Motion to Continue Sentencing. (ECF No. 402).

On March 16, 2005, Petitioner Marvin Postadan filed a Second Sentencing Statement and Response to the Presentence Report. (ECF No. 416).

On March 23, 2005, Petitioner Marvin Postadan filed a Motion to Withdraw and for Appointment of New Counsel. (ECF No. 420).

On March 24, 2005, the Government filed a Third Sentencing Statement. (ECF No. 421).

On March 28, 2005, a hearing was held at which time Petitioner Marvin Postadan withdrew his Motion for Appointment of New Counsel. (ECF Nos. 423, 424). Petitioner stated he had no problem with Mr. Barbee's representation of him and he wished to proceed to sentencing. (Id.)

On March 30, 2005, Petitioner's Sentencing Hearing was held. (ECF No. 425). The Government called witnesses Francisco Ramirez, Jeffrey Silva, and Albert Pi to prove Petitioner's role in the offense, Petitioner's conduct regarding obstruction of justice, and the quantity of the methamphetamine for which Petitioner Marvin Postadan was responsible.

On April 4, 2005, Petitioner Marvin Postadan's continued Sentencing Hearing was held. (ECF No. 430). The Court found, by a preponderance of the evidence, that there were sufficient facts upon which to increase Petitioner Postadan's offense level pursuant to the United States Sentencing Guidelines. Petitioner's offense level was decreased two levels for his

acceptance of responsibility. Petitioner's imprisonment range was calculated to be 292 to 365 months, based on a total offense level of 40 and criminal history category of 1. Petitioner Marvin Postadan was sentenced to 200 months imprisonment as to Counts 1, 2, and 13, with all terms to run concurrently. (Id.) The Judgment was entered on April 20, 2005. (ECF No. 440).

On April 5, 2005, Petitioner Marvin Postadan filed an Appeal of his sentence. (ECF No. 431).

On November 8, 2006, the United States Court of Appeals for the Ninth Circuit affirmed Petitioner's sentence. United States v. Postadan, Dkt. No. 05-10335, 204 Fed. Appx. 637 (9th Cir. 2006).

On February 1, 2007, Petitioner Marvin Postadan filed a petition for a writ of certiorari with the United States Supreme Court. Dkt. No. 06-9264, 529 U.S. 1273 (2007).

On March 5, 2007, the United States Supreme Court denied Petitioner Marvin Postadan's petition for a writ of certiorari. (Id.)

On September 9, 2013, more than six years after the United States Supreme Court denied his petition for a writ of certiorari, Petition Marvin Postadan filed a Motion to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. § 2255.

(ECF No. 536). The Section 2255 Motion argues that Petitioner's rights found in the Sixth Amendment of the United States Constitution were violated by judicial fact finding that enhanced his sentence.

On September 17, 2013, the Court issued a Minute Order, setting a briefing schedule for the Section 2255 Motion. (ECF No. 537).

On November 6, 2013, the Government filed UNITED STATES' MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANT'S 2255 MOTION. (ECF No. 538).

On November 7, 2013, the Court granted the Government's Motion, extending the deadline to file an Opposition until January 15, 2014 and extending the deadline to file a Reply until February 3, 2014. (ECF No. 539).

On January 14, 2014, the Government filed UNITED STATES' RESPONSE TO MARVIN POSTADAN'S MOTION UNDER 28 U.S.C. § 2255, TO VACATE, SET ASIDE, OR CORRECT SENTENCE. (ECF No. 540).

Petitioner Postadan did not file a reply to the Government's Response.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act
("AEDPA"), 28 U.S.C. § 2255,[1] provides federal prisoners with
a right of action to challenge a sentence if it was imposed in
violation of the Constitution or laws of the United States,
the court was without jurisdiction to impose such a sentence,
the sentence was in excess of the maximum authorized by law,
or the sentence is otherwise subject to collateral attack. 28
U.S.C. § 2255(a). A prisoner may file a motion ("a Section
2255 Motion") to vacate, set aside, or correct a sentence. 28
U.S.C. § 2255.

The scope of collateral attack of a sentence is limited,
and does not encompass all claimed errors in conviction and
sentencing.

## ANALYSIS

The Court construes Petitioner Marvin Postadan's filings
liberally, as he is proceeding pro se. Woods v. Carey, 525
F.3d 886, 890 (9th Cir. 2008).

Petitioner Postadan argues that the Court erred by making
factual findings at his sentencing hearing that enhanced his

---

[1] The AEDPA is codified as 28 U.S.C. §§ 2241 through
2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought
by federal prisoners is governed by 28 U.S.C. § 2255.

sentence.  Petitioner asserts that the Court erred in enhancing his sentence by applying:

(1) a 2-level increase pursuant to U.S. Sentencing Guideline § 2S1.1(b)(2)(B) because he was convicted of a violation of 18 U.S.C. § 1956;

(2) a 4-level increase pursuant to U.S. Sentencing Guideline § 3B1.1(a) as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; and

(3) a 2-level increase pursuant to U.S. Sentencing Guideline § 3C1.1 for obstruction of justice.

Petitioner Marvin Postadan claims the Court violated his Sixth Amendment rights.  Petitioner argues that the Court may not find facts that enhance his sentence based on the United States Supreme Court decision in Alleyne v. United States, 133 S.Ct. 2151, 2158 (2013).  Petitioner's claims are without merit.

I. **TIMELINESS OF PETITIONER'S SECTION 2255 MOTION**

   A. **One-Year Limitation Period For Filing a Section 2255 Motion Pursuant to AEDPA**

AEDPA provides a one-year limitation period for filing a Section 2255 Motion.  The limitation period for a Section 2255

Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute. 28 U.S.C. § 2255(f). The statute provides:

> The one-year limitations period for filing a Section 2255 Motion runs from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Equitable tolling may apply to the AEDPA's one-year statute of limitations in limited circumstances. United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011).

A Section 2255 Motion asserting a newly recognized constitutional right is timely if it is filed within one year of the date on which the newly recognized constitutional right was initially recognized by the Supreme Court, and if that new

9

right is retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353, 358 (2005).

Retroactivity is determined by application of the test set forth in Teague v. Lane, 489 U.S. 288, 310 (1989).  In general, a new rule of law decided after a defendant's conviction becomes final may not be applied to the defendant's case on collateral review.  Id.  There are two exceptions to the general rule of non-retroactivity: (1) new rules that place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class or defendants because of their status or offense; or (2) new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding.  Beard v. Banks, 524 U.S. 406, 416-17 (2004).

Petitioner Postadan's conviction became final on March 5, 2007, when the United States Supreme Court denied Petitioner's application for a writ of certiorari.  United States v. Aquirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (explaining that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time

for filing a certiorari petition expires"). Petitioner did not file his Section 2255 Motion until September 9, 2013, more than six years after his conviction became final.

Petitioner Postadan does not raise a claim for equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Absent some alternative start date, Petitioner Postadan's time for filing a Section 2255 Motion expired on or about March 5, 2008, one year after the Supreme Court denied his application for a writ of certiorari. Petitioner filed his Section 2255 Motion on September 9, 2013, approximately five and a half years after the limitations period expired on March 5, 2008.

### B. The Government Did Not Plead the Affirmative Defense that Petitioner Postadan's Section 2255 Motion is Time-Barred

A procedural default is an affirmative defense. Bennett v. Mueller, 322 F.3d 573, 585 (9th Cir. 2003). The Government must assert the procedural default as a defense to the petition otherwise the defense is waived. Franklin v. Johnson, 290 F.3d 1223, 1229 (9th Cir. 2002); Vang v. Nevada, 329 F.3d 1069, 1072-73 (9th Cir. 2003).

A district court is not required to consider a procedural default sua sponte. Trest v. Cain, 522 U.S. 87, 89 (1997). The court may, in its discretion, raise a procedural bar if

the circumstances warrant so long as the parties are given notice and the opportunity to respond. Day v. McDonough, 547 U.S. 198, 210 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

The United States Supreme Court has emphasized in the context of an untimely habeas petition that "[t]he court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred"). Day, 547 U.S. at 210 (internal quotations omitted); see Franklin, 290 F.3d at 1232 ("courts are empowered to, and in some cases should, reach the merits of habeas petitions" despite a procedural bar issue); Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (declining to remand a habeas petition on a procedural issue in the interest of judicial economy when the petition failed on the merits).

In its Response, the Government did not raise the affirmative defense that Petitioner Marvin Postadan's Section 2255 Motion is time-barred pursuant to AEDPA. (ECF No. 540). Nothing in the record suggests that the Government strategically withheld the defense or chose to relinquish it. Day, 547 U.S. at 211.

12

In order to put to rest the issues raised by Petitioner, the Court declines to raise the timeliness of Petitioner Marvin Postadan's Section 2255 Motion sua sponte. Id. at 210.

**II. PETITIONER'S SECTION 2255 MOTION DOES NOT ESTABLISH A RIGHT TO RELIEF**

  **A. The Ninth Circuit Court of Appeals On Direct Appeal Rejected Petitioner's Argument Concerning The Enhancements To His Sentence For His Role In The Offense And Obstruction Of Justice**

A claim that was raised and denied on direct appeal generally cannot be re-litigated as part of a Section 2255 Motion. United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000). The issue in question must have been decided explicitly or by necessary implication in the previous disposition. United States v. Jingles, 702 F.3d 494, 500 (9th Cir. 2012).

Petitioner's direct appeal to the Ninth Circuit Court of Appeals challenged the District Court's ability to find facts that enhanced his sentence pursuant to the Sentencing Guidelines.

At the continued sentencing hearing on April 4, 2005, the District Court imposed a leadership role enhancement, pursuant to Section 3B1.1 of the United States Sentencing Guidelines. The District Court credited the testimony given at the March

30, 2005 sentencing hearing by Petitioner Postadan's co-defendants Francisco Ramirez, Jeffrey Silva, and Albert Pi. The District Court found, by a preponderance of the evidence, that Petitioner Postadan was a leader of a criminal activity involving five or more participants in the offense. The testimony of Mr. Ramirez, Mr. Silva, and Mr. Pi established that Petitioner led his co-conspirators by setting the sale price for the drugs and directing their distribution.

The District Court also found the co-defendants' testimony warranted sentence enhancement for Petitioner for obstruction of justice, pursuant to Section 3C1.1 of the United States Sentencing Guidelines.

At the sentencing hearing on March 30, 2005, Mr. Silva and Mr. Pi testified that Petitioner ordered Mr. Pi to take off his clothes so Petitioner could check for a recording device. The District Court found the testimony established, by a preponderance of the evidence, that Petitioner Postadan attempted to obstruct justice when he ordered Mr. Pi to remove his clothes to check for a recording device.

At the continued sentencing hearing on April 4, 2005, the District Court acknowledged that the Sentencing Guidelines were advisory. The District Court considered the factors set forth in 18 U.S.C. § 3553(a), including Petitioner Postadan's

age and the sentences of the others being sentenced in the same criminal scheme, when determining Petitioner's sentence.

Petitioner Postadan was sentenced to 200 months imprisonment, well below the advisory Sentencing Guidelines range of 292 to 365 months and the statutory maximum of life imprisonment.  (ECF No. 440).

Petitioner Postadan pled guilty.  Petitioner elected not to have a jury trial.

On direct appeal, Petitioner Postadan argued that the District Court violated his Sixth Amendment right to a jury trial when it made factual findings at sentencing.  The Ninth Circuit Court of Appeals rejected Petitioner Postadan's challenge to his sentence on Sixth Amendment grounds.  United States v. Postadan, 204 Fed. Appx. 637, 639, (9th Cir. 2006).

The Court of Appeals explained, "it is well-settled that judicial fact finding, within the context of the advisory Guidelines, does not violate a Sixth Amendment right to jury trial."  Id.  The Ninth Circuit Court of Appeals relied on the holding in United States v. Booker, 543 U.S. 220, 226 (2005), which permits sentencing courts to make factual findings that increase a defendant's Sentencing Guidelines range, as long as the Guidelines are treated as advisory.

The Ninth Circuit Court of Appeals found Postadan's sentence was reasonable. Postadan, 204 Fed. Appx. at 639. The appellate court held that "the district court correctly applied the Sentencing Guidelines to the facts warranting enhancements for leadership and obstruction of justice." Id.

Petitioner's claim that the District Court violated his Sixth Amendment rights by engaging in fact finding at his sentencing was already rejected by the Ninth Circuit Court of Appeals. Petitioner Postadan has no basis upon which he can raise the same claim again in his Section 2255 Motion. Hayes, 231 F.3d at 1139.

**B.  The Holding in Alleyne Does Not Apply to Petitioner's Case**

In his Section 2255 Motion, Petitioner Marvin Postadan relies on the recent United States Supreme Court decision in Alleyne v. United States, 133 S.Ct. 2151, 2158 (2013). (Section 2255 Motion at p. 1-2, ECF No. 536).

In Alleyne, the United States Supreme Court extended the holding announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2155. The Supreme Court explained that a jury must find

beyond a reasonable doubt any fact that increases a minimum statutory penalty. 133 S.Ct. at 2158.

Petitioner Postadan pled guilty and elected not to go to trial. Petitioner admitted to the elements of his conviction when he pled guilty. (Government's Response at pp. 2-3, ECF No. 540). <u>Alleyne</u> applies specifically to jury trials and it is unclear the extent, if any, the holding applies to guilty pleas.

The sentence enhancements applied to Petitioner Postadan pursuant to U.S. Sentencing Guidelines §§ 2S1.1(b)(2)(B), 3B1.1 and 3C1.1 did not change the statutory mandatory minimum sentence and were treated as advisory.

The United States Supreme Court in <u>Alleyne</u> explained that its holding "does not mean that any fact which influences judicial discretion must be found by a jury." <u>Id.</u> at 2163. The <u>Alleyne</u> holding does not stand for the proposition that factors elevating advisory guideline calculations must be proved to a jury beyond a reasonable doubt or admitted in a plea colloquy. <u>Id.</u>; <u>see</u> <u>United States v. Peters</u>, 2013 WL 5492913 at *1 (D. Mont. October 1, 2013); <u>Booker</u>, 543 U.S. at 226.

Petitioner's reliance on the decision in <u>Alleyne</u> is misplaced. The <u>Alleyne</u> case does not provide Petitioner with

a right to relief.  The United States Supreme Court's holding in <u>Alleyne</u> did not overrule <u>United States v. Booker</u>, 543 U.S. 220, 226 (2005).  Petitioner's sentence was already found to be reasonable pursuant to <u>Booker</u>.  <u>Postadan</u>, 204 Fed. Appx. at 639.

The holding in <u>Alleyne</u> does not apply to Petitioner Postadan's case.  Petitioner Postadan's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 536) is **DENIED.**

**III.     PETITIONER IS NOT ENTITLED TO AN EVIDENTIARY HEARING**

An evidentiary hearing in a Section 2255 action is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

An evidentiary hearing is not required, however, if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."  <u>United States v. Leonti</u>, 326 F.3d 1111, 1116 (9th Cir. 2003)(citing <u>United States v. Schaflander</u>, 743 F.2d 714, 717 (9th Cir. 1984)).

Petitioner's claims do not provide grounds for relief. Petitioner is not entitled to an evidentiary hearing.

**IV. PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY**

AEDPA provides that a Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2). A "substantial" showing requires a prisoner to show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner Marvin Postadan's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right. Petitioner's arguments are not supported by the record and applicable law. Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED.**

**CONCLUSION**

Petitioner Marvin Postadan's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 536) is **DENIED**.

IT IS SO ORDERED.

Dated: April 4, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Marvin Postadan v. United States; Cr. No. 03-00496 HG-01; Cv. No. 13-00463 HG-KSC; **ORDER DENYING PETITIONER MARVIN POSTADAN'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 536).**