IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 03-00496 HG-01 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARVIN POSTADAN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT
TO USSG AMENDMENT 782/TWO LEVEL REDUCTION IN SENTENCING
GUIDELINES/18 USC §3582(c)(2) (ECF No. 550)**

Defendant Marvin Postadan, proceeding pro se, has filed a
Motion requesting a reduction in sentence pursuant to 18 U.S.C. §
3582(c)(2) and Amendment 782 to the United States Sentencing
Guidelines.  Defendant is not eligible to receive a sentence
reduction.

Defendant's MOTION FOR SENTENCE REDUCTION PURSUANT TO USSG
AMENDMENT 782/TWO LEVEL REDUCTION IN SENTENCING GUIDELINES/18 USC
§3582(c)(2) (ECF No. 550) is **DENIED.**

## <u>PROCEDURAL HISTORY</u>

On October 8, 2003, the grand jury returned a thirteen-count
Indictment, charging Defendant Postadan and several co-defendants

1

with conspiracy to possess with intent to distribute
methamphetamine and related offenses.  (ECF No. 1).

Defendant was charged as follows:

**Count 1:** conspiracy to possess with intent to distribute 50
grams or more of methamphetamine in violation of 21 U.S.C. §§
846, 841(a)(1), 841(b)(1)(A);

**Count 2:** possession with intent to distribute 50 grams or
more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),
841(b)(1)(A), and 18 U.S.C. § 2; and

**Count 13**: conspiracy to commit money laundering in violation
of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h).  (<u>Id.</u>)

On July 16, 2004, Defendant pled guilty to all three counts
against him in the Indictment.  (ECF No. 267).

On April 4, 2005, Defendant was sentenced to 200 months
imprisonment as to each of Counts 1, 2, and 13 in the Indictment,
with all terms to run concurrently.  (ECF No. 440).

On April 5, 2005, Defendant filed an appeal of his sentence
with the Ninth Circuit Court of Appeals.  (ECF No. 431).

On November 8, 2006, the Ninth Circuit Court of Appeals
affirmed Defendant's sentence.  (ECF No. 512).

On September 9, 2013, Defendant filed a Motion to Vacate,
Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 with
the District Court.  (ECF No. 536).

On April 4, 2014, the District Court issued an Order Denying

Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF No. 545).

On April 16, 2014, Defendant filed an appeal of the denial of his Section 2255 Motion with the Ninth Circuit Court of Appeals.  (ECF No. 546).

On June 25, 2014, the Ninth Circuit Court of Appeals issued an order denying Defendant's appeal.  (ECF No. 549).

On August 28, 2014, Defendant filed a MOTION FOR SENTENCE REDUCTION PURSUANT TO USSG AMENDMENT 782/TWO LEVEL REDUCTION IN SENTENCING GUIDELINES/18 USC §3582(c)(2).  (ECF No. 550).

On October 6, 2014, the Court issued a Minute Order holding Defendant's Motion for Sentence Reduction in abeyance.  (ECF No. 551).

On October 20, 2014, Defendant filed a SUPPLEMENTAL MEMORANDUM WITH DOCUMENTATION IN SUPPORT OF MOTION FOR SENTENCE REDUCTION PURSUANT TO USSG RETROACTIVE AMENDMENT 782.  (ECF No. 552).

On November 12, 2014, the Court issued a Minute Order appointing the Federal Public Defender's Office to assist Defendant in seeking a sentence reduction.  (ECF No. 553).

On November 4, 2015, the Federal Public Defender filed NOTICE BY OFFICE OF THE FEDERAL DEFENDER REGARDING DEFENDANTS FOR WHOM IT WILL NOT BE SEEKING RETROACTIVE APPLICATION OF AMENDMENT 782.  (ECF No. 555).

On November 9, 2015, the Court issued a Minute Order that construed the Federal Public Defender's Notice as a request to withdraw as counsel.  (ECF No. 556).  The Court granted the Federal Public Defender's request to withdraw as counsel and ordered the Government to respond to the Defendant's pro se Motion for Reduction of Sentence.  The Court elected to decide Defendant's Motion without a hearing.

On December 10, 2015, the Government filed a MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE. (ECF No. 558).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  <u>United States v. Dunn</u>, 728 F.3d 1151, 1155 (9th Cir. 2013); <u>see</u> <u>also</u> 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.  <u>Dillon v. United States</u>, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant

was sentenced.  28 U.S.C. §§ 994(o),(u).  The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission to determine if the defendant is eligible for a reduction in sentence.  Dillon, 560 U.S. at 827.

Here, Defendant is not eligible for a sentence reduction pursuant to the first step of the Dillon inquiry.  The Court does not reach the second step in the inquiry.  Defendant's sentencing guidelines were lowered by Amendment 782 to the United States Sentence Guidelines, but a reduction in Defendant's sentence is not permitted pursuant to U.S.S.G. § 1B1.10.

## I.   Defendant's Sentencing Guidelines Were Lowered Pursuant to Amendment 782 to the United States Sentencing Guidelines

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11 and Amendment 782 applies retroactively.  U.S.S.G. §§ 1B1.10(d), (e)(1).

Amendment 782 to the United States Sentencing Guidelines lowered the base offense level applicable to Defendant by two levels.

At Defendant's April 4, 2005 sentencing, he had a total offense level of 40 and a criminal history category of I for a

5

guideline range of 292 to 365 months imprisonment.

Pursuant to Amendment 782 to United States Sentencing Guidelines, Defendant now has a total offense level of 38 and a criminal history category of I for an amended guideline range of 235-293 months imprisonment.

## II. Defendant is Not Eligible for a Sentence Reduction Because He Was Already Sentenced Below His Amended Guideline Range and Did Not Receive a Lower Sentence Based on a Government Motion for Substantial Assistance to Authorities

United States Sentencing Guideline 1B1.10(b)(2)(A) provides:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A).

The exception that allows for a sentence to be reduced below a defendant's amended guideline range is found in U.S.S.G. § 1B1.10(b)(2)(B).  The exception involves cases in which the defendant received a sentence below the guidelines applicable at sentencing pursuant to a government motion for downward departure based on the defendant's substantial assistance to authorities.

Here, Defendant was sentenced to a term of 200 months imprisonment on April 4, 2005.  Defendant's 200-month sentence is below Defendant's amended guideline range of 235-293 months imprisonment.  Defendant did not receive a sentence below the

sentencing guidelines pursuant to a government motion based on his substantial assistance to authorities. The Court is unable to reduce Defendant's sentence lower than the minimum term provided by the amended guideline range pursuant to U.S.S.G. § 1B1.10(b)(2)(A); <u>United States v. Davis</u>, 739 F.3d 1222, 1224-25 (9th Cir. 2014).

Defendant's Motion (ECF No. 550) requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines is **DENIED**.

<u>CONCLUSION</u>

Defendant's MOTION FOR SENTENCE REDUCTION PURSUANT TO USSG AMENDMENT 782/TWO LEVEL REDUCTION IN SENTENCING GUIDELINES/18 USC §3582(c)(2) (ECF No. 550) is **DENIED.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 12, 2016.



 /s/ Helen Gillmor

Helen Gillmor
United States District Judge

<u>United States v. Marvin Postadan</u>, Crim. No. 03-00496 HG-01; **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO USSG AMENDMENT 782/TWO LEVEL REDUCTION IN SENTENCING GUIDELINES/18 USC §3582(c)(2) (ECF No. 550)**